ROBERT L. HENSLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent
Hensley v. Commissioner
Docket No. 3599-83.
United States Tax Court
T.C. Memo 1985-77; 1985 Tax Ct. Memo LEXIS 555; 49 T.C.M. (CCH) 789; T.C.M. (RIA) 85077; February 21, 1985. Steven Roth, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7456 and Rules 180, 181 and 1983. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion to dismiss for want of proper prosecution and to award damages, as well as on petitioner's motion to dismiss and request for judgment on the pleadings. Respondent determined a deficiency in petitioner's Federal income tax for the year 1980 in the amount of $10,446.12, together with additions to tax under sections 6651(a), 6653(a) and 6654(a) in the amounts of $2,611.53, $522.31 *557 and $668.55, respectively. The deficiency determination was based upon a failure to file a tax return for that year and a failure to report income in the amount of $36,488. Petitioner timely filed a petition with this Court in which he alleged that he was a resident of Covina, California. The petition was of a tax-protester nature, but one of several hundred substantially similar petitions filed by individuals in southern California. [2] In it he alleged that respondent bore the burden of proving the allegations in the deficiency notice, that petitioner was not required to file a return or pay a tax under the Internal Revenue Code, that petitioner received nothing of tangible value that qualified as income and he enjoys no grant of privilege or franchise, that petitioner was not in receipt of either gain or profit, and that petitioner did not volunteer to self-assess himself, that the income tax system is based on voluntary compliance and petitioner did not volunteer. Petitioner filed a request for jury trial which was denied. He filed a motion for summary judgment which was denied and a motion to dismiss and request for judgment on the pleadings, filed after the calendar call *558 to which petitioner failed to respond on August 28, 1984. A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. ; Rule 142(a). Indeed, petitioner's motion to dismiss and request for judgment on the pleadings appears to concede the receipt of at least $36,488 in unreported income. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly *559 to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. The allegations of petitioner in his petition, motion for summary judgment, and motion to dismiss and judgment on the pleadings are so frivolous and groundless as not to warrant any extended discussion. See . We would be doing a disservice to those petitioners who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of *560 each meritless allegation of petitioner. , affd. .In any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute this matter, has made himself subject to dismissal under Rules 123 and 149. In petitioner's motion to dismiss and for judgment on the pleadings, [3] petitioner attached a copy of a W-2 form for that year which indicated income of $36,253.40 and Federal income taxes withheld of $6,861.18. He also attached a copy of a form 1040, which he admitted had not been filed. This form indicated that petitioner was married, that he had three children and that he had various itemized deductions, including taxes and interest, and as its bottom line that he was entitled to a refund of $3,455. Petitioner, however, chose not to attend the trial of his case and, consequently, has lost his opportunity to present any evidence he might have to indicate that the deficiency notice was incorrect. We trust that by now it has occurred to petitioner that his travel on the tax-protester express has indeed been costly to him. Had he heeded the *561 order of this Court and appeared for trial on August 28, 1984, he would have been accorded the opportunity to amend his frivolous petition and place his entitlement to the deductions and exemptions to which he alleges he is entitled in issue. [4] Rather, he chose to file, one week after his case had been dismissed, a contemptible document in which he continued his futile harangue of frivolous views. In this document petitioner goes on to claim that this Court is prejudiced against him, that it is impossible for him to receive fair and impartial arbitration here, and that he believes his "petition was accepted for no other purpose but to identify individuals seeking the RIGHT to Due process, proper procedures and equal protection (justice) under the Law." He continues in this vein, adding that the information he has submitted proves his generosity and good faith and that he was not trying to evade or avoid paying a tax but to avoid receiving "those monies which Petitioner believed our government needed more than he." *562 Petitioner's views to the contrary, he would have had a fair trial in this Court (to which he himself freely chose to file his petition) had he cared to abide by the Court's order to appear on August 28. It might well have occurred to a reasonable person, noting the Court's denial of his various motions, that those motions were lacking in merit. In regard to his lately discovered generosity to the United States, we note that his petition and other papers filed all recite that he has no obligation to pay a tax and he has not volunteered to self-assess himself. We hold that there is a deficiency in petitioner's 1980 Federal income taxes in the amount of $10,446.12, together with additions to tax under section 6651(a) in the amount of $2,611.53 and under section 6653(a) in the amount of $522.31.Section 6651(a) imposes an addition to tax for the failure to file a return of up to 25 percent of the amount required to be shown on the return, here $10,446.12. Section 6653(a) imposes an addition to tax of five percent where any part of the underpayment, here $10,446.12, is due to negligence or intentional disregard of rules or regulations. Respondent also determined an addition of *563 six percent to tax under the provisions of section 6654 for failure to pay estimated income tax. That section provides that the addition is based upon the underpayment of estimated taxes after taking into account the amount of tax withheld under section 31 on wages.Sec. 6654(g). If, in fact, petitioner had taxes withheld from his wages in 1980, the addition to tax should be based upon an underpayment of $10,446.12, less tax withheld. As to this addition, computation must be made under Rule 155. We turn now to respondent's motion for an award of damages under the provisions of section 6673. That section states that this Court shall impose damages up to $5,000 when proceedings have been instituted or maintained primarily for delay or where the petition is frivolous or groundless. The petition sets forth grounds which petitioner knows to be frivolous and groundless. Damages in the amount of $5,000 are awarded to the United States. Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., ; ; ; ; ; ; and .↩
3. We have noted this document was filed by this Court after the date of the calendar call at which the Court orally ordered that petitioner's case was dismissed. ↩
4. We express no views of course on the correctness of the return which petitioner has admitted he has never filed.↩